# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|    Lynn S. Poindexter, | : | |
|         Debtor. | : | Bankruptcy No. 18-11548-MDC |

# **O R D E R**

**AND NOW**, pursuant to the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Christian A. DiCicco (the "Applicant"), counsel to Lynn S. Poindexter (the "Debtor"), the Applicant requests the allowance of compensation in the amount of $5,000.00.

**AND**, the Applicant was previously paid $212.00 by the Debtor (the "Pre-Paid Amount").

**AND**, on June 20, 2019, the Court entered an Order (the "Confirmation Order")[2] confirming the Debtor's First Amended Chapter 13 Plan (the "Plan").[3]

**AND**, the Plan provides that the Applicant will be paid $3,788.00.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request

---

[1] Bankr. Docket No. 30.

[2] Bankr. Docket No. 57.

[3] Bankr. Docket No. 34.

because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

**AND**, it appearing that the amount of compensation the Applicant seeks by the Application exceeds the amount authorized pursuant to the Confirmation Order and Plan by $1,000.00 (the "Excess Compensation Request").

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Consistent with the Confirmation Order, compensation is allowed in favor of the Applicant in the total amount of $4,000.00 (the "Allowed Compensation"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

4. The Excess Compensation Request in the amount of $1,000.00 is **DENIED** as inconsistent with the Confirmation Order and the Plan.

Dated: July 22, 2019

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

Christian A. DiCicco, Esquire
Law Offices of Christian A. DiCicco
2008 Chestnut Street
Philadelphia, PA 19103

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912